IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-CV-02290-LTB-PAC

PAUL INMAN,

    Plaintiff,

v.

JO ANN STOCK, L.C.F., HEALTH CARE [sic] PROFIDOR, and
DR. ANITA BLOOR, L.C.F., HEALTH CARE SUPERVISOR,

    Defendants.

---

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**O. Edward Schlatter, United States Magistrate Judge**

This is a *pro se* prisoner civil rights case brought under 42 U.S.C. §1983.  On February 24, 2006, Judge Babcock referred this action for pretrial case management and for proposed rulings on dispositive motions.  Before the Court is Defendants' Motion to Dismiss Amended Complaint, filed on June 12, 2006  [doc. # 20].  The motion is fully briefed and the Court has determined that oral argument would not be of material assistance.

I.

Plaintiff, who is incarcerated at the Colorado Department of Corrections Limon Correctional Facility ("LCF"), filed his Amended Complaint on January 26, 2006.  In this action, Plaintiff alleges a single claim for violation of his Eighth Amendment rights as the result of the alleged deliberate indifference of two Colorado Department of

Corrections ("CDOC") medical providers, Defendants Ms. Joann Stock ("Stock") and Dr. Anita Bloor ("Bloor").

Plaintiff alleges in his Amended Complaint that when he informed Defendant Stock of the injuries to his right knee and right hand from a fall on an icy sidewalk on January 16, 2005, Stock told Plaintiff that his knee was not seriously injured. Defendant Stock also ordered an x-ray of Plaintiff's hand on January 19, 2005. X-rays were taken a few days later. Plaintiff argues that when his x-rays were reviewed on January 25, 2005 by the orthopedic surgeon at the Denver Health Facility in Denver, Plaintiff was informed that,

> there had been [sic] to long a period between the initial break and the setting and that he would not be permanently disfigured and suffer from medium to severe arthritis. Plaintiff's hand is visibly swollen and disfigured and Plaintiff suffers from what he calls severe arthritis. Plfs. Amend. Compl. at 4.

Further, Plaintiff argues that Defendant Bloor, the LCF Medical Department Supervisor, also violated his Eighth Amendment rights because she reviewed his health report and "she was aware of Plaintiff's condition and took no action to assist him even though she had the authority to do so." *Id.*

The Amended Complaint seeks the following relief: a declaratory judgment that Defendants violated his Eighth Amendment rights; injunctive relief requiring the CDOC to provide all available treatment to repair his hand; compensatory damages including reimbursement of his legal costs, lost wages, and future Workman's Compensation funds; nominal damages of $1.00 from both Defendants; and $1,000,000 in punitive damages. Amend. Compl. at 8.

II.

The Eleventh Amendment bars suits in federal court against states, and against state officers in their official capacities for money damages. *See Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Moreover, the Supreme Court has held that neither states nor state officers sued in their official capacities are "persons" within the meaning of 42 U.S.C. §1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). However, the Eleventh Amendment does not prohibit suits against state officials for prospective injunctive relief. *Ex Parte Young,* 209 U.S. 123, 159-60 (1908). Therefore, because Plaintiff also seeks injunctive relief in his Amended Complaint, the Court will address the merits of Plaintiff's claims.

III.

Plaintiff appears to have failed to exhaust his claim through the CDOC three-step grievance system. Pursuant to 42 U.S.C. §1997e(a)(Supp. 2006), "[no action shall be brought with respect to prison conditions under...any...Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are unexhausted." An inmate must exhaust administrative remedies before seeking judicial relief regardless of the relief sought and offered through administrative procedures, *see Booth v. Churner*, 532 U.S. 731, 739 (2001), and regardless of whether the suit involves general circumstances or particular episodes. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Plaintiff is a prisoner confined in a correctional facility. The claim he is asserting relates to prison conditions. Therefore, Plaintiff must exhaust the available

administrative remedies. To properly exhaust administrative remedies, a prisoner must "complete the administrative review process in accordance with the applicable procedural rules," *Woodfod v. Ngo*, 548 U.S.---,---, (2006)(slip op., at 5). The "failure to exhaust is an affirmative defense under the [Prison Litigation Reform Act, "PLRA"], and that inmates are not required to specifically plead or demonstrate exhaustion in their complaint." *Jones v. Bock*, ---Sct.---, 2007 WL 135890 (U.S.). "Compliance with prison grievance procedures, therefore is all that is required by the PLRA to 'properly exhaust.'" *Id.*

In this case, Plaintiff has provided to the Court copies of his step one, step two, and step three grievances about medical treatment for his hand injury. But in the written response to Plaintiff's step three grievance, Grievance Officer Anthony DeCesaro explained to Plaintiff that he did not exhaust his administrative remedies because he failed to satisfactorily request allowable relief, during any of the three steps of the CDOC administrative-grievance procedure. *See* Attachment to Amend. Compl. In that response, DeCesaro stated,

> The grievance procedure is outlined in Administrative Regulation #850-04. In the definitional section titled Remedy, it states in part that, 'damages for pain and suffering and exemplary or punitive damages as remedies, are not available to offenders.' In your grievance the remedy you seek is not available, therefore this grievance is denied. *Id.*

This same response notes that Plaintiff did not comply with the time constraints outlined in the Administrative Regulations.

Given these deficiencies, the Court finds that the Plaintiff is unable to demonstrate exhaustion of the grievance procedure for his asserted claim against

4

Defendants Stock and Bloor. The Amended Complaint, therefore, should be dismissed for failure to demonstrate exhaustion as to his asserted Eighth Amendment claim against Defendants Stock and Bloor. However, as discussed below, even if Plaintiff's claim were exhausted, and the Court liberally construes Plaintiff's grievances against these two defendants, he still would not be entitled to relief.

IV.

Defendants Stock and Bloor assert the qualified immunity defense in response to Plaintiff's Eighth Amendment claim against them in their official and individual capacities. Qualified immunity shields public officials from civil damages liability if their actions did not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In *Harlow v. Fitzgerald*, the Court explained that qualified immunity shield government officials from liability for damages incurred in the performance of discretionary functions as long as their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Id*. Courts use an objective standard, evaluating the official's conduct in light of the state of the law at the time of the purported constitutional or statutory violation. *Id*. Qualified immunity is "an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Saucier v. Katz*, 533 U.S. 194, 200-01(2001)(quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

Upon the Defendants' assertion of a qualified immunity defense, the Plaintiff has a two-part burden. Plaintiff must come forward with facts or allegations that the

Defendants' conduct were a violation of a clearly established constitutional or statutory right at the time of its occurrence, and that the violated right was "clearly established such that a reasonable person in the defendant's position would have known the conduct violated the right." *Lawmaster v. Ward* 125 F.3d 1341, 1347 (10th Cir. 1997). But, as discussed below, Plaintiff has failed to show that Defendants Stock and Bloor violated any clearly established constitutional or statutory right.

The Eighth Amendment is violated when a prison official acts with "deliberate indifference to [an inmate's] serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 104-106 (1976). Deliberate indifference means that prison medical staff knew of the inmate's serious medical need, but intentionally disregarded an excessive risk of harm to the inmate, or that prison guards or medical staff intentionally prevented the inmate from receiving prescribed treatment or intentionally delayed or denied him access to medical care. *Estelle v. Gamble,* 429 U.S. 97, 104-105 (1976); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Sealock v. Colorado*, 218 F.3d 1205, 1211 (10th Cir. 2000); *Oxendine v. Kaplan*, 241 F.3d 1272, 1279 (10th Cir. 2001).

A deliberate indifference claim involves both an objective and a subjective component. *Sealock*, 213 F.3d at 1209. The objective component is satisfied when the medical condition complained of is sufficiently serious, such that "it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999)(quoting *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980)). "[Second], a prison official must have a sufficiently culpable state

of mind." *Farmer*, 511 U.S. at 834. The subjective component is satisfied when the plaintiff establishes that the "defendant(s) knew [plaintiff] faced a substantial risk of harm and disregarded that risk, 'by failing to take reasonable measures to abate it.'" *Hunt,* 199 F.3d at 1224 (quoting *Farmer*, 511 U.S. at 847). Prison officials show deliberate indifference to serious medical needs where they deny, delay, or intentionally interfere with necessary medical care. However, no claim of constitutional dimension is stated where a prisoner challenges only matters of medical judgment or otherwise expresses a mere difference of opinion concerning the appropriate course of treatment. *Ledoux v. Davies*, 961 F.2d 1536, 1537 (10th Cir.1992).

In this case, Plaintiff has failed to show that Defendants were deliberately indifferent to his medical needs. A review of the record shows that despite his claims to the contrary, Plaintiff did not have any serious injury. The record reflects that Defendant Stock determined that there were no acute fractures or dislocations to Plaintiff's hand. Stock also noted that there was a fracture through the third metacarpal head, but found that his knee appeared normal. As such, it appears that the Plaintiff has not satisfied the objective component.

But even if Plaintiff satisfied this objective competent, Plaintiff has not shown that the subjective component has been met. The record does not support Plaintiff's claim that Defendants Stock and Bloor specifically and deliberately ignored Plaintiff's need for immediate medication. Nor does the record reflect that these defendants delayed his access to medical care. A delay in providing medical treatment is not actionable unless it is occasioned by "deliberate indifference which results in

substantial harm." *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993)(internal citation omitted); *see also Sealock*, 218 F.3d at 1210 ("Delay in medical care only constitutes an Eighth Amendment violation where the plaintiff can show that the delay resulted in substantial harm"). The substantial harm requirement may be satisfied by allegations of a lifelong handicap, permanent injury or loss, or "considerable pain." *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001)(citing *Oxendine*, 241 F.3d at 1278).

Here, Plaintiff has shown no such harm. Rather, the record reveals that both defendants were responsive to Plaintiff's needs. Plaintiff was repeatedly provided medical care, and the necessary medication was prescribed. Plaintiff's condition was monitored during several follow-up visits. Stock concluded that Plaintiff's injuries were healing and that he was recovering well. It bears repeating, no claim of constitutional dimension is stated where a prisoner challenges only matters of medical judgment or otherwise expresses a mere difference of opinion concerning the appropriate course of treatment. *Ledoux v. Davies*, 961 F.2d 1536, 1537 (10th Cir.1992).

Based on the above, and in the interests of judicial economy, the Court finds it unnecessary to address the remaining issue of whether Plaintiff is entitled to a permanent injunction because he has not shown actual success on the merits, or that an irreparable injury would result unless an injunction is issued. *Fisher v. Okla. Health Care Auth.*, 335 F.3d 1175, 1180 (10th Cir. 2003). To sum up, Plaintiff's claim fails to rise to the level of a federal constitutional violation. Accordingly, I recommend a finding that there was no evidence in the record showing that Defendants Stock and Bloor were deliberately indifferent to his medical needs. Therefore, Defendants' Motion to

Dismiss Amended Complaint should be granted and this action must be dismissed for failure to state a claim.

V.

For the reasons set forth above, it is

**RECOMMENDED** that the Defendants' Motion to Dismiss Amended Complaint, filed on June 12, 2006 [doc. # 20] be **GRANTED**.

**Within ten days after being served with a copy of the proposed findings and recommendation, any party may serve and file written objections to the proposed findings and recommendation with the Clerk of the United States District Court for the District of Colorado.  The district court judge shall make a determination of those portions of the proposed findings or specified recommendation to which objection is made.  The district court judge may accept, reject, or modify, in whole or in part, the proposed findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Failure to make timely objections to the magistrate judge's recommendation may result in a waiver of the right to appeal from a judgment of the district court based on the findings and recommendations of the magistrate judge.**

Dated: February 21, 2007.

BY THE COURT:
s/ O, Edward Schlatter
O. EDWARD SCHLATTER

9

United States Magistrate Judge